```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
DELAWARE HOPKINS CONSTRUCTION,
INC., d/b/a HOPKINS                 *
CONSTRUCTION, INC.,
                                    *
     Plaintiff,
                                    *    CIVIL NO.: WDQ-06-2705
v.
                                    *
CAMBR COMPANY, INC., ET AL.,
                                    *
     Defendants.
                                    *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Delaware Hopkins Construction, Inc. ("Hopkins") originally petitioned the Circuit Court for Worcester County to establish a mechanics' lien or liens against Pennington Limited Partnership ("Pennington") and sued CAMBR Company, Inc. ("CAMBR") for breach of contract and failure to make prompt payment of undisputed amounts in violation of Md. Code Ann., Real Prop. § 9-303.  The Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Pending is Hopkins's motion to remand the proceeding to the Circuit Court for Worcester County.  For the reasons discussed below, the motion will be denied.

I.   Background

On August 28, 2006, Hopkins filed its complaint in the

Circuit Court for Worcester County.  The property against which Hopkins seeks to establish a lien is located in Worcester County and is owned by Pennington.  CAMBR, an organization apparently related to Pennington, contracted with Hopkins for services and materials to improve Pennington's property.

On October 12, 2006, the Defendants removed here under this Court's diversity jurisdiction.  On October 23, 2006, Hopkins filed the pending motion to remand.

II.  Analysis

Hopkins argues that this Court lacks jurisdiction over a Maryland mechanics' lien proceeding and should remand the entire proceeding, including supplemental claims, to the Circuit Court so that all the claims may be heard together.  Although Hopkins's argument focuses on the Court's jurisdiction to apply the mechanics' lien law, it challenges neither the diversity of the parties nor the amount in controversy, which exceeds the $75,000 jurisdictional requirement.[1]  The Defendants argue that this Court's diversity jurisdiction permits it to impose a mechanic's lien and that the court may exercise its supplemental jurisdiction over the additional claims.

---

[1] Hopkins is a Delaware resident; CAMBR is a New York Corporation with principal place of business in Lynbrook, NY; and Pennington is a New York limited partnership whose partners are citizens of New York or Pennsylvania.  The Plaintiff seeks to recover $525,744.70.

A.   Standard of Review

The burden of demonstrating that removal jurisdiction is proper rests on the party seeking removal. *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). As removal jurisdiction raises federalism concerns, it must be strictly interpreted; therefore, if federal jurisdiction is doubtful, remand is necessary. *Sandlass v. Sears, Roebuck and Co.*, 2006 WL 3372422, *2 (D. Md. 2006) (*citing Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)(en banc)).

A district court should also pay particular attention to motions to remand, as "remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Indeed, although certain exceptions have been found,[2] the limitation on review has been said to apply even when a "remand order is manifestly, inarguably erroneous." *In re Blackwater*, 460 F.3d at 582 (citations omitted).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." Under § 1441(b),

---

[2] The Fourth Circuit has found that: 1) "the Supreme Court has interpreted § 1447(d) to prohibit review only when the order of remand was based upon § 1447(c), which requires remand when the district court determines that it lacks subject matter jurisdiction;" 2) "[section] 1447(d) does not prohibit review of a collateral decision that is severable from the remand order;" and 3) "[section] 1447(d) does not prohibit review of a remand order if that order exceeds the scope of the district court's authority." *In re Blackwater*, 460 F.3d at 583.

federal district courts have original, and thus removal jurisdiction when the district court has federal question or diversity jurisdiction. *See In re Blackwater*, 460 F.3d at 583.

B.   The Mechanics' Lien

Hopkins argues that it is mandatory that its suit be filed in the Circuit Court for Worcester County to establish a mechanic's lien. Under Md. Code. Ann., Real Prop. § 9-105, "a person entitled to a lien shall file proceedings in circuit court for the county where the land or any part of the land is located" to establish a lien. Hopkins argues that because it could not have sought a mechanic's lien in federal court, removal is not appropriate. In other words, the Court lacks subject matter jurisdiction over the mechanics' lien claim in this case because it could not have been filed here.

The district courts have original jurisdiction of *all* civil actions in which the requirements for diversity jurisdiction are met. 28 U.S.C. § 1332. Moreover, a federal court sitting in diversity "interpret[s] and appl[ies] the substantive law of the state in which the action arose." *Castillo v. Emergency Med. Assoc., P.A.*, 372 F.3d 643, 646 (4th Cir. 2004) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In *Erie,* the Supreme Court required "a federal court in a diversity case to respect and enforce state-created rights in a manner such that litigation of state-based rights in federal court does not yield results

4

materially different from those attained in the state courts." *Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1416 (4th Cir. 1992). *Erie* and its progeny permit this Court to impose a mechanic's lien.

Hopkins also argues that because Maryland law defines procedures for imposing a mechanics' lien, removal would improperly impose Maryland State Court procedures on this Court.

Federal courts sitting in diversity are required to apply federal procedural law and state substantive law. *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)). However, "where a state's procedural rule is bound up with substantive policy, a federal court is to apply the state rule." *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109 (4th Cir. 1995) (*citing Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535 (1958)).

Here, the parties do not cite--and the Court does not discern--a conflicting federal procedural rule governing mechanics' liens. Accordingly, this Court will faithfully apply Maryland's law on mechanics' liens. *See Hanna*, 380 U.S. at 470 (when no Federal Rule covers the point in dispute, *Erie* commands the enforcement of state law). The procedural elements do not limit this Court's jurisdiction over the case.

Hopkins also argues, in reliance upon *York Hunter Constr., Inc. v. Avalon Properties, Inc.*, 104 F.Supp.2d 211 (S.D.N.Y. 2000), that this Court should abstain because the property is the

5

subject of an earlier-filed state proceeding.  In *York*, two different plaintiffs filed State Court actions seeking foreclosure on the same property.  *Id*. at 214.  The federal court declined removal of the later filed suit.  *Id*.  Here, with only one plaintiff seeking a mechanic's lien, there is no risk of inconsistent adjudications over the property at issue.

Accordingly, this Court will retain the mechanic's lien claim.

C.   The Supplemental Claims

The parties agree that all the pending claims should be tried together.  Similarly, the Maryland mechanics' lien statute authorizes the court hearing the lien claim to try all matters at issue.  Md. Code Ann., Real Prop. § 9-106(d).  Hopkins--assuming remand--has argued that the Court should abstain from hearing the other claims in the complaint.  When, as here, the court has diversity jurisdiction (28 U.S.C. § 1332), it also has supplemental jurisdiction over additional appended claims so long as diversity is not destroyed.  28 U.S.C. § 1367(b).

Here, Hopkins's Complaint is within the Court's original jurisdiction under § 1332 as the parties are diverse, and the amount in controversy requirement is satisfied.  28 U.S.C. § 1332(a)(1).  CAMBR's counterclaim does not involve additional parties, and diversity is not destroyed.  *See* 28 U.S.C. § 1367(b).  This Court will exercise its supplemental jurisdiction

6

over the counterclaim because it is so related to the original action as to form part of the same case or controversy.  *See* § 1367(a); *Gross v. Weingarten*, 217 F.3d 208, 220 (4th Cir. 2000).

III. Conclusion

    For the reasons discussed above, the motion to remand will be denied.

<u>January 8, 2007</u>                        <u>    /s/               </u>
Date                                    William D. Quarles, Jr.
                                         United States District Judge